Filed 6/18/26  P. v. Wilden CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAVIS MICHAEL WILDEN,<br>    Defendant and Appellant. | C103692<br><br>(Super. Ct. No. CRF24-01694) |


Appointed counsel for defendant Travis Michael Wilden asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  In light of *People v. Kopp* (2025) 19 Cal.5th 1, which was decided while this appeal was pending, we will remand for reconsideration of the restitution and parole revocation fines.  We otherwise affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2024, Wilden broke into his grandparents' home, removing a window and then breaking a closet door lock with a hammer.  Wilden removed two hunting bows and other bow equipment.  He returned the bows to his grandfather but not the other equipment.  The estimated total value of damage and property taken was about $1,700.

1

The People charged Wilden with first degree residential burglary (Pen. Code,[1] § 459, count I) and grand theft (§ 487, subd. (a), count II). Wilden pled no contest to count I as part of a plea agreement allowing him to complete a residential treatment program of at least six months in lieu of state prison time, pursuant to a *Cruz* waiver.[2] Wilden also admitted several factors in aggravation. At the time of plea, the trial court advised Wilden he could face up to six years in prison if he failed to complete the residential treatment or violated any terms of his release.

In December 2024, Wilden admitted to violating his deferred entry of judgment by failing to complete a residential treatment program. The court advised Wilden he was still subject to the court's order to complete a six-month residential treatment program, and his attorney informed the court she was assisting him in securing one.

In March 2025, Wilden admitted a violation for failure to complete a residential treatment program and a violation for failure to appear in court. The trial court later sentenced Wilden to the upper term of six years in prison based on the aggravating factors Wilden admitted to. The court imposed an $1,800 restitution fine (§ 1202.4, subd. (b)) and imposed but stayed an $1,800 parole revocation fine (§ 1202.45). The court also imposed a $40 court operations assessment (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373). The court awarded Wilden 233 days of actual custody credit and 232 days of local conduct credit for a total of 465 days' credit for time served. (§ 4019.)

Wilden timely appealed and did not request a certificate of probable cause.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Cruz* (1988) 44 Cal.3d 1247.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Wilden was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from Wilden.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the abstract of judgment indicates that the restitution and parole revocation fines were $300 each, yet the trial court in its oral pronouncement imposed restitution and parole revocation fines of $1,800 each. Ordinarily, the oral pronouncement of judgment controls. (See, e.g., *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Here, however, the trial court imposed a restitution fine (and corresponding parole revocation fine) exceeding the statutory minimum before the recent guidance issued by our Supreme Court in *People v. Kopp, supra*, 19 Cal.5th 1.

Because the record is silent as to whether the trial court considered Wilden's ability to pay or any other excessive fine factor, we will vacate those fines and remand for further proceedings in light of *Kopp*.

## DISPOSITION

The $1,800 section 1202.4 restitution fine and $1,800 section 1202.45 parole revocation fine are vacated. In all other respects, the judgment is affirmed. The matter is remanded for the limited purpose of imposing restitution and parole revocation fines consistent with this opinion and the Supreme Court's opinion in *People v. Kopp, supra*, 19 Cal.5th 1. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
EARL, P. J.

We concur:

/s/
RENNER, J.

/s/
WISEMAN, J.*

---

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4